UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW CHERRY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Defendant. | No. 2:21-cv-27<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS AND BREACH OF FIDUCIARY DUTIES<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)) |

COMES NOW Plaintiff, Andrew Cherry, with a complaint for long-term disability benefits, and alleges against Defendant, Prudential Insurance Company of America, as follows:

### I.　　CAUSES OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").

/

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

1.2

Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD") benefits, through the date of judgment, per the terms of a long-term disability policy ("LTD Plan") provided by Microsoft Corporation ("Microsoft") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff further seeks reinstatement of his LTD benefits pursuant to the terms of the LTD Plan, from the date of judgment until Plaintiff reaches the age of 67, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), absent a material improvement in his medical conditions such that he would no longer qualify as disabled under the LTD Plan. Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

1.3

Plaintiff seeks appropriate equitable relief to redress Defendant's breach of fiduciary duties toward him, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and to enjoin Defendant from further violations of its duties.

## II. IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Kirkland, King County, Washington.

2.2

Microsoft employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

/

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 2

2.3

Plaintiff was a participant under the LTD Plan.

### III. IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Microsoft was the sponsor and plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

Microsoft delegated sole discretion to make disability determinations under the LTD Plan to Defendant.

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment or relief Plaintiff may obtain through this action for LTD benefits and equitable remedies.

### IV. JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives United States District Courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative and equitable relief, along with attorney fees and costs.

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 3

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391.

## V. STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits and the alleged breach of fiduciary duties is reviewed by this court *de novo*.

## VI. FACTS SUPPORTING CLAIMS

6.1

On or about June 20, 2016, Plaintiff became disabled from his job as a Software Design Engineer for Microsoft due to a back condition, or "due to a sport injury that progressed," as Defendant has stated.

6.2

Defendant approved Short-Term Disability ("STD") benefits to Plaintiff for this condition on June 22, 2016.

6.3

Defendant continued to award STD benefits through the maximum duration of January 13, 2017.

6.4

On February 21, 2017, Defendant determined that Plaintiff met the *regular occupation* definition of disability within the LTD Plan and awarded maximum LTD benefits effective January 14, 2017.

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 4

6.5

Defendant awarded LTD benefits for the maximum duration of 24 months under the *regular occupation* definition of disability, or through January 13, 2019.

6.6

Defendant also determined that Plaintiff met the any *gainful occupation* definition of disability within the LTD Plan and continued awarding maximum LTD benefits from January 14, 2019 through March 31, 2019.

6.7

On April 19, 2019, Defendant sent a letter to Plaintiff authored by Brandon Bartosz, a Disability Claims Analyst ("Claim Denial"). The Claim Denial alleges that Plaintiff "should have" regained capacity for full-time employment under the *regular occupation* definition of disability "by now," and terminated Plaintiff's claim effective April 1, 2019.

6.8

On October 16, 2019, Plaintiff filed a timely first appeal of the Claim Denial to Michael Larmi, an Appeals Specialist assigned by Defendant ("First Appeal"). In the weeks that followed, Plaintiff supplemented the First Appeal with additional information sent to Ms. Larmi, including the submission of a Functional Capacities Evaluation ("FCE") report on November 19, 2019. The FCE took place on November 4–5, 2019, comprising 7 hours of testing over 2 days and including validity testing. The FCE report concluded that Plaintiff demonstrated "**high effort**" throughout the testing but exhibited an "[i]nability to sustain

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 5

gainful vocational activity on a reasonable-consistent basis," with expected productivity levels rated as "below competitive," limited "sustained activity tolerances for sitting, standing and walking," and a projected work tolerance rated at less than full-time.

6.9

Before rendering a decision on the First Appeal, Defendant arranged for an Independent Medical Evaluation ("IME") of Plaintiff, administered by Sanders Kim Chai, MD, which took place on December 14, 2019. The IME included about an hour of physical examination.

6.10

On January 10, 2020, Defendant denied the First Appeal through a letter authored by Ms. Larmi ("Denial of First Appeal"). The Denial of First Appeal contains no discussion or even reference to the FCE report proffered by Plaintiff in support of the First Appeal, despite Ms. Larmi's claim to having "thoroughly evaluated the medical information on file, as well as" other expressly referenced documents submitted in support of the First Appeal. Conversely, the Denial of First Appeal refers continually to the IME report of Dr. Chai, who alleged that Plaintiff was only impaired as a result of a Mental Illness, or "somatic symptom disorder." Moreover, the Denial of First Appeal alleges that Plaintiff's "24-month Mental Illness limitation exhausted on January 13, 2019," but Ms. Larmi does not explain how Plaintiff subsequently met the more stringent any *gainful occupation* definition of disability within the LTD Plan after the 24-month Mental Illness

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 6

limitation had purportedly exhausted—i.e., Plaintiff must have necessarily met the any *gainful occupation* definition of disability on a purely physical, non-limited basis from January 14, 2019 through March 31, 2019.

6.11

On August 14, 2020, Plaintiff submitted a timely second appeal to Defendant, including a detailed declaration from Plaintiff noting inappropriate conduct by Dr. Chai during the IME ("Second Appeal"). In the weeks that followed, Plaintiff supplemented the Second Appeal with additional information sent to Ms. Larmi.

6.12

On December 14, 2020, Defendant denied the Second Appeal through a letter authored by Ms. Larmi ("Denial of Second Appeal"). Once more, the Denial of Second Appeal relies exclusively on the medical opinion of Dr. Chai, who conducted a purely paper addendum review and maintains that Plaintiff is impaired only by Mental Illness. Once more, Ms. Larmi does not explain how Plaintiff subsequently met the more stringent any *gainful occupation* definition of disability within the LTD Plan after the 24-month Mental Illness limitation had purportedly exhausted—i.e., Plaintiff could only have met the definition on a physical, non-limited basis from January 14, 2019 through March 31, 2019.

### VII. STATEMENT OF CLAIMS

7.1

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges:

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 7

### Claim for LTD Benefits under 29 U.S.C. § 1132(a)(1)(B)

7.2

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to administrative remedies exhaustion and submission of sufficient proof of his ongoing medical condition and disability under the *regular occupation* and any *gainful occupation* definitions of the LTD Plan.

7.3

Defendant wrongfully denied Plaintiff's claim for LTD benefits.

7.4

The wrongful denial of Plaintiff's claim for LTD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

7.5

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from April 1, 2019 through the date of judgment.

7.6

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged by the withholding of all other benefits to which he is or may be entitled under the LTD Plan, including, but not limited to, any additional treatment or therapy benefits.

/

/

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 8

### 7.7

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from April 1, 2019 through the date of judgment.

### 7.8

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff may and does seek clarification of his rights to future benefits, alleging that he meets the LTD Plan's definition of disabled and as such he is, and absent any material improvement in his existing medical condition he will be, so entitled to benefits through the maximum term of the LTD Plan.

### 7.9

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

### **Claim for Equitable Relief under 29 U.S.C. § 1132(a)(3)**

### 7.10

Pursuant to 29 U.S.C. § 1132(a)(3), a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 9

7.11

Defendant owes fiduciary duties to LTD Plan participants and beneficiaries, including Plaintiff.

7.12

Defendant breached its fiduciary duties by, among other acts and omissions:

A. Soliciting medical opinions regarding Plaintiff from consultants it knows to be biased in favor of disability insurance companies;

B. Failing to establish and maintain reasonable procedures governing the management of disability benefits claims;

C. Failing to establish and maintain reasonable procedures governing the management of appeals of disability benefits claims;

D. Continuing to rely on the opinions obtained from individual consultants, even when presented with information demonstrating or tending to demonstrate that those consultants were biased or unqualified or unreliable;

E. Failing to ensure that Plaintiff's benefits claim and appeals were decided in a manner designed to insure the independence and impartiality of the persons involved in making the decisions;

F. Consciously, unreasonably, and without justification terminating Plaintiff's claim and denying his appeals, thereby compelling him to file the present action;

G. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, fairly and in good faith;

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 10

H.	Refusing to give Plaintiff's interests or the interests of the LTD Plan at least as much consideration as Defendant gave to its own interests;

I.	Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing, and adjudication of Plaintiff's appeals;

J.	Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting continuation of benefits, while focusing on evidence supporting termination of benefits;

K.	Consciously and unreasonably failing to establish administrative processes and safeguards to ensure and verify appropriately consistent decision-making;

L.	Consciously and unreasonably failing to train or supervise employees to ensure that they are aware of, and follow, administrative processes and safeguards to ensure and verify appropriate and consistent decision-making;

M.	Acting in bad faith, if not outright malice, towards Plaintiff, including through the conduct of the IME consultant, Dr. Chai;

N.	Failing to act with due care towards Plaintiff;

O.	Failing to conduct an adequate investigation when considering Plaintiff's appeals, including failure to review and consider the FCE report;

P.	Failing to engage in meaningful dialogue with Plaintiff;

Q.	Failing to provide Plaintiff information; and

R.	Treating Plaintiff as an adversary.

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

ROY LAW GROUP
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 11

### 7.13

Plaintiff is entitled to injunctive or other appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to redress or remedy the injuries Defendant caused him by its breach of fiduciary duties, and to make him whole from the injuries Defendant caused.

### 7.14

As a direct and proximate result of Defendant's breach of fiduciary duties, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

## VIII.  PRAYER FOR RELIEF

### 8.1

**WHEREFORE,** Plaintiff prays for judgment and relief as follows:

A.  For gross unpaid monthly LTD benefit payments from April 1, 2019 through the date of judgment, pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.  For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.  For a declaration clarifying Plaintiff's rights under the LTD Plan, holding that absent a material improvement in his existing medical condition such that Plaintiff is no longer deemed disabled under the LTD Plan, Plaintiff is entitled to receive his full monthly benefit under the LTD Plan for its remaining term;

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE
BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 12

D. For appropriate equitable relief or remedies to redress Defendant's breach of fiduciary duties, including without limitation–

    i. Surcharge, to put Plaintiff in the position he would have attained but for Defendant's breach of fiduciary duties;

    ii. An injunction directing Defendant to establish administrative processes and safeguards to ensure and verify appropriately consistent decision-making; and

    iii. An injunction directing Defendant to train and supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision-making;

E. For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

F. For prejudgment and post-judgment interest; and

G. For such further relief as the court deems just and equitable.

DATED this 8th day of January, 2021.

                                                      *s/ Jesse Cowell*
                                                      Jesse Cowell, WSBA 50725
                                                      Chris Roy, WSBA 29070
                                                      R. Darrin Class, WSBA 21925
                                                      Roy Law Group
                                                      1000 SW Broadway Suite 900
                                                      Portland, OR 97205
                                                      PH:   503.206.4313
                                                      FAX:  855.344.1726
                                                      jesse@roylawgroup.com

COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS AND BREACH OF FIDUCIARY DUTIES

**ROY LAW GROUP**
1000 SW Broadway, #900
Portland, OR 97205
TEL 503-206-4313
FAX 855-344-1726
www.roylawgroup.com

Page 13